IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RANZON MURRAND,

    Plaintiff,                      No. CIV S-07-1965 FCD GGH P

    vs.

STATE OF CALIFORNIA,

    Defendant.                  <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected

1  and forwarded by the appropriate agency to the Clerk of the Court each time the amount in
2  plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).
3            The court is required to screen complaints brought by prisoners seeking relief
4  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
5  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
6  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
7  granted, or that seek monetary relief from a defendant who is immune from such relief.  28
8  U.S.C. § 1915A(b)(1),(2).
9            A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
10 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
11 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
12 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
13 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
14 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
15 Cir. 1989); Franklin, 745 F.2d at 1227.
16           A complaint, or portion thereof, should only be dismissed for failure to state a
17 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
18 of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King &
19 Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also
20 Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing
21 a complaint under this standard, the court must accept as true the allegations of the complaint in
22 question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
23 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
24 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
25           The only named defendant is the State of California.  Plaintiff alleges that
26 defendant has implemented laws that result in plaintiff being held in prison past his parole

release date.  Plaintiff also alleges that defendant has implemented laws that require plaintiff to submit to psychological testing to determine whether he is an "MDO" or "SVP," which would also extend his commitment.  As relief, plaintiff seeks an order prohibiting defendant from holding plaintiff in prison past his parole release date.  Plaintiff also seeks an order prohibiting defendant from sending plaintiff to a mental facility without due process of law.  Plaintiff also seeks money damages.

The Eleventh Amendment bars suits brought by private parties against a state or state agency unless the state or the agency consents to such suit.  See Quern v. Jordan, 440 U.S. 332, 99 S. Ct. 1139 (1979); Alabama v. Pugh, 438 U.S. 781, 98 S. Ct. 3057 (1978) ( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  Although the Eleventh Amendment is not jurisdictional, the court may raise the defect on its own.  Wisconsin Department of Corrections v. Schacht, 524 U.S. 381, 389, 118 S. Ct. 2047, 2052 (1998); Edelman v. Jordan, 415 U.S. 651, 677-78, 94 S. Ct. 1347, 1362-1363 (1974).  In the instant case, the State of California has not consented to suit.  Accordingly, plaintiff's claims against defendant State of California are frivolous and must be dismissed.[1]

To the extent plaintiff challenges the validity of his confinement, he should raise these claims in a petition for writ of habeas corpus rather than a civil rights complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

---

[1] If filing a civil rights action, plaintiff may name the head of the agency involved for injunctive relief purposes.

1  allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board
2  of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
3         In addition, plaintiff is informed that the court cannot refer to a prior pleading in
4  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
5  amended complaint be complete in itself without reference to any prior pleading.  This is
6  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
7  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
8  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
9  original complaint, each claim and the involvement of each defendant must be sufficiently
10  alleged.
11         In accordance with the above, IT IS HEREBY ORDERED that:
12         1.  Plaintiff's request for leave to proceed in forma pauperis is granted.
13         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
14  The fee shall be collected and paid in accordance with this court's order to the Director of the
15  California Department of Corrections and Rehabilitation filed concurrently herewith.
16         3.  The complaint is dismissed for the reasons discussed above, with leave to file
17  an amended complaint within thirty days from the date of service of this order.  Failure to file an
18  amended complaint will result in a recommendation that the action be dismissed.
19  DATED: 12/13/07

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

23  ran1965.b

4